UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| | *   Cr. No. 86-0166 (TFH) |
| | * |
| v. | * |
| | * |
| **GUY Q. JOHNSON,** | * |
|      **Defendant.** | * |

### UNITED STATES' RESPONSE TO
### DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response to defendant's pro se Motion to Correct an Illegal Sentence. Defendant's motion should be characterized as one filed under 28 U.S.C. § 2255 because it challenges the legality of his sentence. Under United States v. Palmer, 296 F.3d 1135 (D.C. Cir. 2002), this Court should advise the defendant of the consequences of this characterization and allow him an opportunity to respond.

### PROCEDURAL HISTORY

Defendant was charged by indictment in this case with three counts of distribution of phencyclidine within one thousand feet of a public secondary school and three counts of distribution of marijuana within one thousand feet of a public secondary school. He was tried by jury on July 7, 1986 and July 8, 1986 with the Honorable Gerhard A. Gesell presiding. At the conclusion of the trial, he was found guilty on all counts. On July 31, 1986, Judge Gesell sentenced defendant to 3 to 9 years' imprisonment on each count, with the sentences to run concurrently to one another, and to a 6 year special parole term. On March 23, 1987, defendant's convictions were affirmed on appeal.

On or about July 18, 2007, defendant filed the instant pro se motion. He contends that his sentence is illegal "based on the fact that under the federal sentencing statutes, there was no minimum or maximum sentences such as three (3) to nine (9) years sentences...." Mtn. at 1.

The instant case subsequently was re-assigned to this Court, which directed the United States to file a response to defendant's motion.

## ARGUMENT

It is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held that pleadings that are the functional equivalent of a § 2255 motion must be treated as such, regardless of the pleading's caption. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as § 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating § 2241 habeas petition as § 2255 motion).

Defendant's pro se motion challenges the legality of his sentence but does not challenge the manner in which his sentence is being executed. The legality of a federal sentence may only be challenged under § 2255 unless the remedy under that section would be inadequate or ineffective. Defendant has not shown - or even alleged - that his remedy under § 2255 would be inadequate or ineffective.[1] Therefore, the Court should construe defendant's motion as a motion

---

[1] The D.C. Circuit indicated in In re Smith, 285 F.3d 6 (D.C. Cir. 2002), that § 2255 can be deemed an inadequate or ineffective remedy if the limitations contained in that section "deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." Id. at 8 (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). Here, where defendant was convicted of distributing marijuana and phencyclidine within one thousand feet of a school, there is no plausible argument that he was imprisoned for non-existent offenses.

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 rather than as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure.[2/]

However, the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion." United States v. Palmer, 296 F. 3d 1135, 1146 (D.C. Cir. 2002). In light of Palmer's core concern that a pro se litigant not be permitted to file what will be construed as a § 2255 motion without being warned of the consequences of doing so and being given an opportunity to withdraw his motion if he wishes to avoid these consequences, the Court should give defendant a "Palmer" advisement.

More specifically, if the Court agrees that defendant's motion should be characterized as a filing under § 2255, then in accordance with Palmer, the Court should advise defendant in three respects. First, defendant should be advised that 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2255 motion must be certified by the U.S. Court of Appeals for the District of Columbia Circuit. 28 U.S.C. § 2244(b)(2)-(3)(A). The Court of Appeals will not authorize a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted;

---

[2/]   Rule 35(a) was amended in 1987 as part of the Sentencing Reform Act. Under the current version of Rule 35(a), the Court may correct a sentence only if the sentence resulted from "arithmetical, technical or other clear error" and only if the error is corrected within seven days after sentencing. Thus, Rule 35(a) is not applicable to defendant's claim and his motion should be construed as a § 2255 motion.

or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. 28 U.S.C. § 2255 ¶ 8 (1)-(2).

Second, defendant should be advised that § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6. This period of limitation requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

Finally, if defendant's motion is characterized as a § 2255 motion, he must be given the opportunity withdraw his motion before it is so characterized. Additionally, defendant should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of § 2255.

## **CONCLUSION**

For the reasons stated above, we request that the defendant's motion be characterized as a § 2255 motion. We also request that defendant be allowed to either withdraw his motion or agree to let his motion be characterized as a § 2255 motion within 60 days of the date this Court orders the defendant to make such a choice. If the defendant allows his motion to be

4

characterized as a § 2255 motion, we request that we be given 60 days from the date we receive notice of the defendant's decision to file our response. A proposed order is attached.[3]

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      United States Attorney
                                      D.C. Bar Number 498-610

                                    ROBERT D. OKUN
                                    Assistant United States Attorney
                                    Chief, Special Proceedings Division
                                    D.C. Bar Number 457-078

                                    _____/s/_____
                                    MARGARET J. CHRISS
                                    Assistant United States Attorney
                                    D.C. Bar Number 452-403
                                    555 4th Street, N.W.
                                    Special Proceedings Division
                                    Washington, D.C. 20530
                                    (202) 307-0874
                                    Margaret.Chriss@usdoj.gov

---

[3]      Two closing notes are necessary. First, it seems clear that a § 2255 motion will be untimely. Where, as here, the defendant's convictions became final before April 24, 1996 (the effective date of the Antiterrorism and Effective Death Penalty Act of 1996), the one-year period of limitations for filing a § 2255 motion begins to run on that date. United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). Defendant thus had until on or about April 24, 1997 to timely file his § 2255 motion; the instant motion was filed well past this deadline. Second, even if defendant had timely filed a § 2255 claim, he would not be entitled to relief because his sentence is not illegal. He was sentenced on July 31, 1986. On November 1, 1987, the Sentencing Reform Act ("SRA") went into effect. Walden v. United States Parole Comm'n, 114 F.3d 1136, 1138 (11th Cir. 1997). The SRA "revamped" federal sentencing procedures and "replaced a system of indeterminate sentences and the possibility of parole with determinate sentencing and no parole." Id. Hence, defendant's indeterminate sentence is legal because it was imposed before November 1, 1987.

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that, this 29th day of January 2008, a copy of the foregoing Response to Defendant's Motion to Correct an Illegal Sentence, and proposed Order, was served via first class mail, postage pre-paid, upon:

Mr. Guy Q. Johnson
Fed. Reg. # 09543-016
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

                                                              /s/
                                                         Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**  \*
\*
\*   Cr. No. 86-0166 (TFH)
\*
**v.**  \*
\*
**GUY Q. JOHNSON,**  \*
        **Defendant.**  \*

**ORDER**

Upon review of defendant's <u>pro se</u> Motion to Correct Illegal Sentence and the United States' Response thereto, the Court has determined that the claim in defendant's motion may only be raised in a filing pursuant to 28 U.S.C. § 2255. Therefore, this Court intends to construe defendant's motion as a § 2255 motion. However, before the Court does so, it must inform defendant of some of the consequences that may result from this characterization of his motion and give defendant an opportunity to withdraw his motion if he wishes to avoid these consequences. Therefore, the Court is providing defendant with the following advisement pursuant to <u>United States v. Palmer</u>, 296 F.3d 1135 (D.C. Cir. 2002).

First, the law related to § 2255 motions requires that all claims attacking a conviction or sentence be brought in a single motion. If the Court characterizes defendant's motion as a § 2255 motion, defendant will not be able to file any additional motions challenging the legality of his conviction or sentence unless the U.S. Court of Appeals for the District of Columbia Circuit authorizes him to file such a motion. Defendant should be aware that the Court of Appeals will not authorize him to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that he is not

guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review.

Second, if the Court characterizes defendant's motion as a § 2255 motion, defendant will be subject to the one-year period of limitation contained in § 2255.  This period of limitation requires that a court must dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates:  (1) the date on which defendant's conviction becomes final; (2) the date on which any governmental interference preventing defendant from filing such a motion is removed; (3) the date on which a right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting defendant's claims could have been discovered if defendant acted with reasonable diligence.

Third, because of the consequences that may result if the Court characterizes defendant's motion as a § 2255 motion, the Court will give the defendant the opportunity to withdraw his motion before the Court characterizes it as a § 2255 motion.  If defendant decides to withdraw his motion and file another motion in its place, the defendant should be aware that any motion attacking the legality of his conviction or sentence will be subject to the restrictions on § 2255 motions that the Court has described above.

Accordingly, the defendant will have 60 days from the date of this order in which to inform the Court whether defendant wishes to withdraw his motion or if he wishes to have the Court characterize it as a § 2255 motion.  If the Court does not receive defendant's response within 60 days after the date of this order, the Court will characterize defendant's motion as a motion filed under 28 U.S.C. § 2255.

If this Court characterizes defendant's motion as a § 2255 motion, the United States will have 60 days from the date that it receives notice of this characterization in which to file its response to defendant's motion.

SO ORDERED.

_____, 2008                               _____
                                                                                                        United States District Judge

Copies to:

Margaret J. Chriss
Assistant United States Attorney
555 4th Street
Special Proceedings Division
Washington, D.C. 20530

Mr. Guy Q. Johnson
Fed. Reg. # 09543-016
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986