Copies to: Judge
AUSA - Special Proceedings
Dft.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**FEB 27 2008**

**Clerk,** U.S. District and
Bankruptcy Courts

................................
UNITED STATES OF AMERICA,    :
                             :
                             :
         v.                  :    Cr. No. 86-0166(TFH)
                             :
GUY Q. JOHNSON,              :
                             :
         Defendant.          :
................................

**TRAVERSE TO THE UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE**

In reply to the United States' "Response" to defendant's "Motion To Correct An Illegal Sentence, pursuant to Rule 35(a), defendant asserts that the United States misconstrued Rule 35(a) as it applies to defendant based on the fact that the United States is applying the 1987 amendment to Rule 35(a) and section 2255, Title 28 U.S.C. to defendant's case which both are inapplicable to defendant in the present case.

It is necessary to keep in mind the difference between proceedings under pre-1987 Rule 35(a), Rules of Criminal Procedure, and Section 2255, Title 28, U.S. Code.  Pre-1987 Rule 35 provides "The court may correct an illegal sentence at any time.  This rule became effective March 21, 1946, more than two years prior to the enactment of Section 2255, Title 28, U.S. Code on June 25, 1948.  It was a codification of existing law and was intended to remove any doubt, created

by the ruling United States v. Mayer, 235 U.S. 56, 67, 35 S.Ct. 16, about the jurisdiction of the District Court to correct an illegal sentence after the expiration of the term at which it was entered. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Lockhart v. United States, 136 F.2d 122, 124. Prior to the adoption of the Rules of Criminal Procedure, certain problems were involved in the ending of a term of court and the start of another. It was the purpose of Rules 33, 34, 35, 36 and 45(c) to meet these problems. It was not their purpose to meet the problems involved in habeas corpus proceedings or a collateral attack upon a judgment. Rule 35 pre-supposes a conviction and affords a procedure for bringing an improper sentence under it into conformity with the law. Cook v. United States, 171 F.2d 567, 570; United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248. Section 2255, Title 28, U.S. Code, on the other hand, covers the broader field of a collateral attack upon the validity of a judgment of conviction by reason of **mattes dehors the record.**" United States v. Hayman, 342 U.S. 205, 211-212, 72 S.Ct. 263. Being a procedural substitute for a habeas corpus proceeding, the right to relief under Section 2255 is limited by the express terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released. Such limitations do not apply to a proceeding under Rule 35, Rules of criminal Procedure.

In the present case, the relief sought by defendant is authorized by the pre-1987 Rule 35. No attack is being made upon the validity of defendant's conviction. It is purely a question of correcting the sentence to conform to the statute. Such a sentence is illegal within the meaning of Rule 35. It should be corrected regardless of whether the correction results in the release of defendant. Holiday v. Johnston, supra, 313 U.S. 342, 349, 61 S.Ct. 1015; Wilson v. United States, 154 F.2d 908; Holloway v. United States, 89 U.S. App.D.C. 332, 191 F.2d 504, 507. Defendant was sentenced to the provisions of 21 U.S.C. § 841(b)(B)(vii) which states:

> (B) In the case of a violation of subsection (a) of this section involving--(vii) 100 kilograms or more of a mixture of substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight; such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment.  1/

Defendant asserts that the sentencing provisions in 21 U.S.C., § 841(b), did not authorize the sentencing court to impose a sentence of three (3) to nine (9) year sentence with a six (6) special parole. The sentence that the statute did authorize the sentencing court to impose upon defendant was a maximum sentence of five (5) years with a term of "special parole" of at least 4 years.

---

1/  "In 1986, Congress amended : 841(b), Pub.L. 99-570, § 1004(a), and directed the substitution of "term of supervised release" for "special parole term" wherever appearing.

Finally, defendant asserts that when a sentence has been imposed for which there is no authority in law, the trial court has power and duty to expunge the void sentence and pronounce the legal sentence, whenever the defect is discovered.

In sum, defendant asserts that he is not challenging the validity of his conviction, but requesting this Court to correct the illegal sentence of three (3) to nine (9) years, and six (6) years "special parole" that was imposed upon defendant by the honorable Judge Gerard Gesell on July 31, 1986, to conform to the statute, 21 U.S.C. § 841(b)(1)(B), by sentencing defendant to five (5) years imprisonment and four (4) years "Special Parole" on each count of the indictment, to run concurrent with each count of the indictment that defendant was found guilty.

In light of the aforementioned, defendant respectfully requests that this honorable court grants his "Motion To Correct An Illegal Sentence" pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

*[signature: Guy Johnson]*

Guy Q. Johnson, Pro Se
Reg. No. 09543-016
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Traverse" has been mailed to Margaret J. Chriss, Assitant U.S. Attorney for the District of Columbia, 555 4th Street, N.W., Special Proceedings Division, Washington, D.C. 20530 this _10th_ day of **February, 2008.**

Respectfully Submitted,

_Guy Q. Johnson_
Guy Q. Johnson

State of North Carolina, County of Hertford
Signed before me on this 10th day of Febuary, 2008 by April 20, 2011
Notary Public Cindy L. Vann

[Notary Seal: CINDY L VANN, NOTARY PUBLIC, HERTFORD COUNTY, N.C.]

-5-

**21 § 841**  FOOD AND DRUGS  Ch. 13

preceding sentence. Any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

**(B)** In the case of a violation of subsection (a) of this section involving—

(i) 100 grams or more of a mixture or substance containing a detectable amount of heroin;

(ii) 500 grams or more of a mixture or substance containing a detectable amount of—

 (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

 (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

 (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

 (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

(iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

(iv) 10 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) or 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP);

(v) 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

(vi) 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 10 grams or more of a mixture or substance containing a detectable amount of a analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide;

(vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight; or

8

---

Ch. 13  DRUG ABUSE PREVENTION  **21 § 841**

(viii) 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $5,000,000 if the defendant is an individual or $2,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment, and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment which may not be less than 20 years or more than life, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

**(C)** In the case of a violation of subsection (a) of this section involving— 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance

9

complete classification of Title II to the Code, see Short Title note set out under section 801 of this title and Tables.

### FEDERAL SENTENCING GUIDELINES

See Federal Sentencing Guidelines § 2D1.10, 18 USCA.

### LIBRARY REFERENCES

**Encyclopedias**
25 Am Jur 2d, Drugs and Controlled Substances § 162.

**Law Review and Journal Commentaries**
Constitutionality without wisdom: *Caplin & Drysdale and Monsanto*. Dawn Cartwright, 17 Hastings Const.L.Q. 659 (1990)

### WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## § 859. Distribution to persons under age twenty-one

**(a) First offense**

Except as provided in section 860 of this title, any person at eighteen years of age who violates section 841(a)(1) of this title distributing a controlled substance to a person under twenty years of age is (except as provided in subsection (b) of this sec subject to (1) twice the maximum punishment authorized by se 841(b) of this title, and (2) at least twice any term of super release authorized by section 841(b) of this title, for a first o involving the same controlled substance and schedule. Except t extent a greater minimum sentence is otherwise provided by se 841(b) of this title, a term of imprisonment under this subse shall be not less than one year. The mandatory minimum sente provisions of this subsection shall not apply to offenses involvi grams or less of marihuana.

**(b) Second offense**

Except as provided in section 860 of this title, any person at eighteen years of age who violates section 841(a)(1) of this title distributing a controlled substance to a person under twenty years of age after a prior conviction under subsection (a) o section (or under section 333(b) of this title as in effect prior to 1, 1971) has become final, is subject to (1) three times the maxi punishment authorized by section 841(b) of this title, and (2) at l three times any term of supervised release authorized by sec 841(b) of this title, for a second or subsequent offense involving same controlled substance and schedule. Except to the exte greater minimum sentence is otherwise provided by section 841(b this title, a term of imprisonment under this subsection shall be

148

one year. Penalties for third and subsequent convictions governed by section 841(b)(1)(A) of this title.

513, Title II, § 418, formerly § 405, Oct. 27, 1970, 84 Stat. 1265; 473, Title II, §§ 224(b), 503(b)(3), Oct. 12, 1984, 98 Stat. 2030, Pub.L. 98–473, § 224(b), as amended Pub.L. 99–570, Title I, (1), Oct. 27, 1986, 100 Stat. 3207–6; Pub.L. 99–570, Title I, (a), 1105(a), (b), Oct. 27, 1986, 100 Stat. 3207–6, 3207–11; Pub.L. Title VI, §§ 6452(b), 6455, 6456, Nov. 18, 1988, 102 Stat. 4371, renumbered § 418 and amended by Pub.L. 101–647, Title X, (a), 1003(a), Title XXXV, § 3599L, Nov. 29, 1990, 104 Stat. 4827,

### HISTORICAL AND STATUTORY NOTES

**Notes and Legislative Reports**
House Report No. 98-1030 ouse Conference Report No. see 1984 U.S Code Cong and ws, p. 3182.

Statement by President, see Code Cong. and Adm. News, p.

**Acts.** For Related Reports, see S. Code Cong. and Adm. News, p.

**Acts.** House Report Nos. (Parts I and II) and 101–736, Report No. 101–460, and State President, see 1990 U.S Code nd Adm. News, p. 6472.

ations

on was formerly classified to sec 5 of this title

ments
Amendments. Subsec. (a). 101–647, § 1003(a)(1), substituted t to (1) twice the maximum pun nt authorized by section 841(b) of e" for "punishable by (1) a term of onment, or a fine, or both, up to at authorized by section 841(b) of e".

ecs. (a), (b). Pub.L. 101–647, (a)(2), substituted "section 860" for n 845a".

ec. (b). Pub.L. 101–647 substitut as become final" for "have become

.L. 101–647, § 1003(a)(2), substitut bject to (1) three times the maxi punishment authorized by section ) of this title" for "punishable by (1) m of imprisonment, or a fine, or up to three times that authorized by n 841(b) of this title"

**1988 Amendments** Subsec. (a) Pub.L. 100–690, § 6455, added provision making inapplicable the mandatory minimum sentencing provisions of subsec. (a) inapplicable to offenses involving 5 grams or less of marihuana.

Subsec. (b). Pub.L. 100–690, § 6452(b)(1)(A), (B), (2), struck out "or convictions" after "a prior conviction"; added the sentence "Penalties for third and subsequent convictions shall be governed by section 841(b)(1)(A) of this title."; and substituted in the caption "Second offense" for "Second or subsequent offense".

Pub.L. 100–690, § 6456, struck out the sentence "The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana."

**1986 Amendments.** Pub.L. 99–570, § 1004(a), directed the substitution of "term of supervised release" for "special parole term" wherever appearing.

Subsec. (a). Pub L 99–570, § 1105(a), added provision for a mandatory minimum sentence of 1 year, unless a greater minimum sentence is otherwise provided by section 841(b) of this title.

Subsec. (b). Pub.L. 99–570, § 1105(b), added provision for a mandatory minimum sentence of 1 year, for offenses other than those involving 5 grams or less of marihuana, except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title.

**1984 Amendments.** Subsec. (a) Pub.L. 98–473, § 224(b)(1), struck out cl. (1) designation, and cl. (2) relating to the special parole term See Repeals note below.

149

```
Guy Q. Johnson
Reg. No. 09543-016
RCI
P.O. Box 630
Winton, NC 27986
```

FEB 2 7 2008

```
Nancy Mayer-Whittington, Clerk
U.S. District Court the District
of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001
```

LEGAL MAIL